hPETERS, J.,
dissenting.
I respectfully disagree with the conclusion reached by this panel that the trial court’s judgment should be affirmed. The principal opinion rejects the plaintiffs co-ownership argument, while the concurring opinion recognizes that the litigants were co-owners of the minerals at issue but finds that the Jameson Interests did not violate any fiduciary duty owed to its co-owners. I agree with the conclusion reached in the concurring opinion on this assignment, but conclude that the Jameson Interests did violate a fiduciary duty it owed to its co-owners.
The secret profit arose as a result of an agreement entered into with Boebel and Batista in 1992. At that time, the litigants were clearly co-owners of the minerals, and the Jameson Interests owed a fiduciary duty to its co-owners. Specifically, “[a] use or possession of a mineral right inures to the benefit of all co-owners of the right.” La.R.S. 31:174. Additionally, La. R.S. 31:175 provided at the time relevant to these proceedings:
A co-owner of a mineral servitude may not conduct operations on the property subject to the servitude without the consent of co-owners owning at least an undivided eighty percent interest in the servitude, provided that he has made every effort to contact such co-owners and, if contacted, has offered to contract with them on substantially the same basis that he has contracted with another co-owner. A co-owner of the [ 2servitude who does not consent to such operations has no liability for the costs of development and operations except out of his share of production.
(Emphasis added.)
I agree that a co-owner of a mineral servitude has the authority to act to “prevent waste or the destruction or extinction of the servitude.... ” La.R.S. 31:176. However, that statute is not applicable to the matter before us because there is no suggestion that such action was necessary. Additionally, that statute provides that the action taken must be “at all times in good faith.... ” See id.
This is simply a matter where the Jame-son Interests, while representing Johnco, Inc., in mineral exploration negotiations, took advantage of its position by taking a secret profit to the detriment of its co-owners. I would reverse the trial court’s judgment and render judgment in favor of the plaintiffs.